## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

----------------------------------------------

In re:

Donna Jo Spangler,

       Debtor.

----------------------------------------------

Randall L. Seaver, Trustee,

       Plaintiff,

vs.

Todd A. Spangler and Donna Jo Spangler,

       Defendants.

----------------------------------------------

BKY No. 09-47844
ADV No. 10-04008

**NOTICE OF HEARING AND MOTION FOR SUMMARY JUDGMENT**

TO:    The Debtor and other entities specified in Local Rule 9013-3.

    1.    Randall L. Seaver, the duly appointed Chapter 7 trustee herein ("Trustee") moves the Court for the entry of summary judgment against Todd A. Spangler and Donna Jo Spangler ("Defendants").

    2.    The Court will hold a hearing on this motion at 11:00 a.m. on June 17, 2010, in Courtroom 7 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN 55415.

    3.    Under applicable rules, any objection must be filed and served by delivery not later than June 12, 2010 which is 5 days before the above date(including Saturdays, Sundays, and holidays).   UNLESS A RESPONSE IS TIMELY SERVED AND FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

    4.    Donna Jo Spangler ("Debtor") filed a voluntary chapter 7 petition on November 19, 2009.  The order for relief was entered on March 2, 2010.  The Trustee filed this adversary proceeding on January 8, 2010.

5. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding.

6. This motion arises under 11 U.S.C. §522, Bankruptcy Rule 4003 and Local Rule 4003-1(a). This motion is filed under Bankruptcy Rule 9014 and Local Rules 9013-1 and 9013-2. The Trustee requests summary judgment in his favor and against Defendant Marjorie Dorholt.

7. Defendant Todd A. Spangler is an individual residing in the state of Minnesota and is the brother of the Debtor.

8. On and prior to March 17, 2009 the Defendant loaned the Debtor $19,000. The debtor transferred a security interest in her 2006 Hummer H3 to the Defendant on October 22, 2009.

9. Because the security interest was transferred over six months after the Debtor received any monies from the Defendant, the grant of the security interest in the Debtor's property is on account of antecedent debt.

10. The perfection of the Defendant's security interest in the Debtor's property occurred within ninety days of the commencement of the bankruptcy proceeding when the Debtor was insolvent.

11. The effect of the Defendant's security interest in the Debtor's property is to enable the Defendant to receive more than he would receive as a creditor if: (a) the bankruptcy case was a case under Chapter 7 of Title 11, United States Code; (b) the transfer had not been made; and (c) the Defendant received payment of his debt to the extent provided by the provisions of said title 11.

12. The Trustee may avoid the Defendant's security interest under 11 U.S.C. §§547 and 551.

13. The attorneys for the Trustee and the Debtor executed a Stipulation of Facts which was filed with the court on March 11, 2010 in conjunction with a related evidentiary hearing in this bankruptcy case. The undisputed material facts establish each element of a preferential transfer leaving no material issue of fact for trial. As a matter of law, the Debtor's grant of the security

2

interest to the Defendant is a voidable preference under 11 U.S.C. §547(b) and upon avoidance, the security interest in the 2006 Hummer H3 is preserved for the benefit of the Bankruptcy Estate pursuant to 11 U.S.C. §551.

WHEREFORE, the Trustee moves the Court for an order granting summary judgment against Todd A. Spangler and Donna Jo Spangler and in favor of the Trustee, and for such other relief as the Court deems just.

**FULLER, SEAVER & RAMETTE, P.A.**

Dated: May  6 , 2010                By:   /e/ Matthew D. Swanson
                                                           Matthew D. Swanson            390271
                                                           12400 Portland Avenue South, Suite 132
                                                           Burnsville, MN 55337
                                                           (952) 890-0888

Attorneys for Randall L. Seaver, Trustee

**VERIFICATION**

I, Randall L. Seaver, the duly appointed Chapter 7 trustee of this Bankruptcy Estate, the moving party named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on May   6 , 2010                    /e/ Randall L. Seaver
                                                                          Randall L. Seaver

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---------------------------------------------

In re:

Donna Jo Spangler,

       Debtor.

---------------------------------------------

Randall L. Seaver, Trustee,

       Plaintiff,

vs.

Todd A. Spangler and Donna Jo Spangler,

       Defendants.

---------------------------------------------

BKY No. 09-47844
ADV No. 10-04008

**MEMORANDUM IN SUPPORT OF THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

TO:    The Debtor and other entities specified in Local Rule 9013-3.

### BACKGROUND FACTS

Randall L. Seaver, the Plaintiff herein and the Trustee for the Bankruptcy Estate of Donna Jo Spangler ("Trustee"), by his attorneys, submits this Memorandum in Support of his Motion for Summary Judgment against Donna Jo Spangler and Todd A. Spangler ("Defendants") in which the Trustee seeks to avoid the Debtor's preferential transfer of estate property to the Defendant under 11 U.S.C. §547(b).

The attorneys for the Trustee and Defendant Donna Jo Spangler entered into a stipulation in accordance with the March 16, 2010 Evidentiary Hearing. A copy of the Stipulation is attached hereto as Exhibit A. This Court's April 9, 2010 Order established facts which are essential to the disposition of this matter. A copy of the Order is attached hereto as Exhibit B. The Stipulation and Order establish all material facts and leave no disputed issue of fact for trial. As there is no disputed issue of fact for trial, the Plaintiff seeks the Court's legal determination regarding the

preference claim and asserted defenses. As shown by the Stipulation, Order and legal arguments set forth below, the transfer of a security interest in the Debtor's 2006 Hummer to her brother, Defendant Todd A. Spangler, was a preferential transfer of the Debtor's property interest and is avoidable under 11 U.S.C. §§547(b) and 551.

## LEGAL ARGUMENT

### I. Standards for Summary Judgment

Summary judgment is properly regarded, not as a disfavored procedural shortcut, but an integral part of the Federal Rules, designated to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. V. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Summary judgment will be granted if there is no issue to any material fact, and the moving party is entitled to judgment as a matter of law. Fed .R. Civ. P. 56(c).[1] Summary judgment must be entered if, after adequate discovery time, the party against whom relief is sought fails to make a sufficient showing to establish the existence of an element essential to its case upon which it will bear the burden of proof in trial. *Celotex Corp. V. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 56.01).

The moving party must advise the court of all evidence which it believes demonstrates the absence of a genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Celotex*, supra, *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op, Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).

Once the movant has made its showing, the burden shifts to the non-moving party, who must establish by its own affidavits, or other admissible evidence, that there are specific and genuine issues of material fact warranting a trial. *Celotex*, at 324. The non-moving party must present specific, significant, and probative evidence supporting its case. *Johnson v. Enron Corp.*, 906 F.2d 1234, 1237 (8th Cir. 1990).

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Federal

---
[1] Rule 56 applies in this proceeding pursuant to Fed. R. Bankr. P. 7056 and 9014.

2

Bankruptcy Rule 7056 states that a party may move for summary judgment "at any time after the expiration of 20 days from the commencement of the action . . ."  In this case, the adversary proceeding was filed on January 8, 2010.  More than 20 days have passed since commencement of the action.

## II.  The record shows that the recordation of the lien is an Avoidable Preferential Transfer of the Debtor's interest in property, therefore, the Trustee is entitled to Summary Judgment.

The Trustee can avoid the recordation of the Defendant's security interest in the Debtor's property as a preferential transfer under 11 U.S.C. §547(b).  Section 547(b) provides the following:

> Excepts as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property –
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made –
>   (A) on or within 90 days before the date of the filing of the petition; or
>   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if –
>   (A) the case were a case under chapter 7 of this title;
>   (B) the transfer had not been made; and
>   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The record establishes proof of each element of a preferential transfer.

### 1. Transfer for the benefit of a Creditor

Section 101 of the Bankruptcy Code defines a "transfer" as "creation of a lien". §101(54). In this case, the filing of the lien notice with the Minnesota Department of Motor Vehicles was a transfer of the Debtor's interest in property for the benefit of the Defendant Todd Spangler.  This transfer created a security interest in the Debtor's 2006 Hummer to secure a debt of $19,000. See

3

Exhibit B (Debtor's schedules and testimony valued the security interest at $19,000 and judicial estoppel prevents Debtor from amending her schedules to obtain an equity interest in the Hummer).

### 2. Transfer made on account of Antecedent Debt

The Defendant Todd A. Spangler loaned the Debtor monies totaling $19,000. Exhibit B. The last loan amount was received by the Debtor on March 17, 2009. See Exhibit B. The security interest was perfected by recordation of a lien on October 22, 2009. Under the preference statute the transfer is deemed to have occurred on October 22, 2009, when it was perfected. "[A] transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." §547(e)(1)(B). As perfection did not occur within the 30 day grace period provided by 11 U.S.C. §547(e)(2), the transfer occurred on the date of perfection, October 22, 2009. Id. All monies loaned to the Debtor were received on or prior to March 17, 2009, and because the perfection of the security interest did not occur until 219 days later, the transfer was made on account of antecedent debt. See, In re Alexander, 219 B.R. 255, 263 (Bankr.D.Minn. 1998).

### 3. The Debtor was insolvent when the Transfer was made

The Debtor is presumed to have been insolvent on and during the 90 days preceding the date the Debtor filed her bankruptcy petition. 11 U.S.C. §547(f). The Debtor filed her bankruptcy petition on November 19, 2009, which is within 90 days of the Transfer of the Debtor's interest in her 2006 Hummer. The Debtor is presumed to have been insolvent on the date of the Transfer.

### 4. The Transfer was made during the Preference Period

The perfection of the security interest in the Debtor's 2006 Hummer on October 22, 2009 was within the 90-day preference period preceding the filing of the bankruptcy petition on November 19, 2009. 11 U.S.C. §547(b)(4)(A).

4

**5. The Transfer enables Defendant Todd Spangler to receive more that he would in a liquidation of the Estate under Chapter 7.**

Pursuant to the Transfer of the security interest in the Debtor's 2006 Hummer, Defendant Todd Spangler is now capable of receiving an amount equal to the entire value of the vehicle. Had the Transfer not been made, Defendant Todd Spangler would have remained an unsecured creditor and his $19,000 claim would have been added to the $1,629,072.50 total of unsecured claims listed in Debtor's schedule F. See the Trustee's affidavit, filed on May 6, 2010, verifying that the 2006 Hummer and avoidance claims are the only assets in this case, and that the Debtor has scheduled unsecured claims in excess of $1,600,000.   The transfer of the security interest to the Defendant elevates his position as a creditor and allows him to receive more than he would if he were to collect as an unsecured creditor.

### III.   Defendants' Asserted Defense

The Defendants asserted that the perfection of the security interest in the Debtor's property is not a voidable preferential transfer because the Debtor's grant of the security interest was a contemporaneous exchange.   Section 547 of the Bankruptcy Code provides:

> [T]he Trustee may not avoid under this section a transfer –
> (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
> (B) in fact a substantially contemporaneous exchange.

11 U.S.C. §547(c)(1).

Under the Bankruptcy Code, a transfer of a security interest relates back to the date for the underlying transaction if the security interest is perfected within 30 days of the underlying transaction.   11 U.S.C. §547(e)(2)(A).   Here the Defendant failed to perfect his interest until 219 days after the Debtor received her last loan from Defendant Todd Spangler, because the perfection date is outside of the 30 day period specified under §547(e)(2)(A) the transfer of the security interest is not contemporaneous.   Thus, "the perfection of a transfer beyond [thirty] days after the

5

date of a contemporaneous exchange turns the new value received by the debtor into an antecedent debt." In re Alexander, 219 B.R. 255, 263. The fact that Defendant did not perfect his interest until 219 days after the last sum of monies were loaned eliminates the defense of contemporaneous exchange for new value.

## CONCLUSION

The Debtor's grant of the security interest was perfected 219 days after the Defendant Todd Spangler made the last of the underlying loans to the Debtor. Therefore, the grant of the security interest was a transfer of the Debtor's interest in property made on account of antecedent debt within the preference period when the Debtor was insolvent. The transfer also enabled the Defendant Todd Spangler to receive more than he would receive in a liquidation under the provisions of chapter 7 of the Bankruptcy Code. As a matter of law, the Trustee is entitled to summary judgment avoiding the Debtor's grant of a security interest in her 2006 Hummer to Defendant Todd Spangler as a voidable preference under Section 547(b) of the Bankruptcy Code.

Based upon the foregoing, there being no genuine issues of material fact, and all the elements of a preference having been shown, the Trustee respectfully requests that summary judgment be entered against Defendants Todd A. Spangler and Donna Jo Spangler.

**FULLER, SEAVER & RAMETTE, P.A.**

Dated: <u>May 6</u>, 2010            By: <u>/e/Matthew D. Swanson</u>
                                                      Matthew D. Swanson      390271
                                                      12400 Portland Avenue South, Suite 132
                                                      Burnsville, MN 55337
                                                      (952) 890-0888

                                                      Attorneys for Randall L. Seaver, Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

BKY No. 09-47844

In re:

Donna Jo Spangler,

      Debtor.

## STIPULATIONS

IT IS HEREBY STIPULATED AND AGREED:

1. That the parties agree to waive any objection to the admissibility of the following exhibits:

   a) Debtor's Petition and Schedules filed with the court on November 19, 2009.
   b) Debtor's Amended Schedules filed with the court on December 18, 2009.
   c) Transcript of the Debtor's §341 meeting of creditors held on December 21, 2009.
   d) Transcript of Debtor or Todd Spangler's deposition testimony.

2. That the following facts are not disputed by the parties:

   a) The Debtor filed her voluntary petition on November 19, 2009.
   b) The Trustee, Randall L. Seaver, was assigned to administer the case.
   c) Debtor attended her §341 Meeting of Creditors on December 21, 2009.
   d) At the §341 meeting the Debtor testified that she transferred a security interest in her 2006 Hummer to her brother Todd A. Spangler.
   e) Debtor in fact transferred a security interest to her brother Todd A. Spangler in October of 2009.



EXHIBIT A

      f) The security interest transferred to Todd A. Spangler secured debts which originated prior to the year 2009.

Dated: 3/6/2010

Matthew D. Swanson
Fuller, Seaver & Ramette, P.A.
12400 Portland Avenue South, Suite 132
Burnsville, MN 55337

Attorney for Trustee

Dated: 3/5/2010

James R Doran
416 East Hennepin
Minneapolis, MN 55414

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

DONNA JO SPANGLER,   BKY 09-47844

Debtor.   ORDER DENYING
DEBTOR'S CLAIM
OF EXEMPTION

At Minneapolis, Minnesota, April 9, 2010.

The Trustee's motion objecting to exempt property came on for an evidentiary hearing. Appearances were noted on the record. This Court has jurisdiction over the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 1070-1. Based on the evidence, and all the files, records, and proceedings herein, the Court makes the following:

## FINDINGS OF FACT

The parties stipulated to most of the essential facts. Debtor filed a voluntary Chapter 7 bankruptcy petition on November 19, 2009. Debtor's Schedule B - Personal Property filed with her petition lists a 2006 Hummer H3 ("the Hummer") with a listed value of $15,000. She is the sole owner of the Hummer. Debtor's Schedule C - Property Claimed as Exempt claims the Hummer exempt pursuant to Minn. Stat. § 550.37(12a) up to the amount of $42,000. Debtor's Schedule D - Creditors Holding Secured Claims lists Todd A. Spangler ("Todd"), Debtor's brother, as the holder of a claim of $19,000 secured by the Hummer. On December 18, 2009, Debtor amended her Schedule D, but did not amend the amount of Todd's claim securing the Hummer.

Debtor attended her meeting of creditors ("§ 341 meeting") on December 21, 2009. *See*



EXHIBIT B

11 U.S.C. § 341. During the § 341 meeting Debtor testified that she transferred a security interest in the Hummer to Todd in October 2009. The Trustee has filed a separate adversary proceeding seeking to avoid the transfer. Debtor also testified at the § 341 meeting that the security interest was meant to secure debts which occurred prior to the year 2009. Upon inquiry by the Trustee concerning the security interest, Debtor provided the following testimony to the Trustee at the 341 Meeting:

> Q (by the Trustee): ... In October of this year you gave Todd Spangler a security interest in the Hummer.
> A: I owed him money.
> Q: How much did you owe him?
> A: $19,000.00.

See Transcript of Debtor's 341 Meeting (attached as Exhibit 1 to Trustee's initial memo in support).

Debtor signed and submitted a signature declaration with her petition, schedules, and statements on November 19, 2009 affirming under penalty of perjury that the information provided in the petition, schedules, and statements is true and correct. See Movant's Exhibit 2. Debtor again testified to the veracity of her petition, schedules, and statements by providing the following testimony at her December 21, 2009, 341 Meeting:

> Q (by the Trustee): Have you read the bankruptcy information sheet provided by the U.S. Trustee?
> A: Yes, sir.
> Q: Did you sign the petition, schedules, statements and related documents and e-filing declaration that were filed with the Court?
> A: Yes.
> Q: Did you read those documents before you signed them?
> A: Yes.
> Q: Are you personally familiar with the information contained in those documents?
> A: Yes.

2

> Q: To the best of your knowledge, is that information true and correct?
> A: Yes, sir.
> Q: Are there any errors or omissions to bring to my or the Court's attention?
> A: No.

*See* Movant's Exibit 4. Debtor was granted a discharge on March 2, 2010.

Debtor states that she is a disabled veteran and that on or about April 12, 2006 she purchased the Hummer for $36,863.52. In August 2008, being unemployed, she entered into a loan agreement with Wisconsin Auto Title Loans, Inc. for the amount of $5,010.50 at an annual percentage rate of 150% which was secured by her vehicle. Debtor was unable to pay off the loan, and Todd assisted her in making the payments until the loan was paid off on March 17, 2009. During that time, Todd was also helping her make the payments on her homestead. The total amount of encumbrance owing to her brother, Todd A. Spangler, on the vehicle is $5,648.82. Debtor now claims that her schedules were in error and should reflect that Todd's lien on the vehicle should be $5,648.82 and not $19,000.

## CONCLUSIONS OF LAW

The issue presented to the Court is whether Debtor is bound by her § 341 meeting testimony and her bankruptcy schedules from claiming that she has any equity in her Hummer to exempt, regardless of the actual amount of her brother's claim secured by the vehicle. Trustee argues that due to Debtor's testimony and her bankruptcy schedules signed under penalty of perjury, Debtor is precluded from claiming any equity exists in the Hummer for her to exempt. As an initial matter, Debtor may not, despite her argument to the contrary, exempt any portion of the vehicle that is secured by a lien that is later avoided by the Trustee. "A debtor may only exempt property subject to the trustee's avoiding powers if the property was involuntarily

3

transferred away from the debtor (such as by the fixing of a judicial lien)" and no involuntary transfer occurred in this case. In re Lehman, 205 F.3d 1255, 1257 (11th Cir. 2000) (*citing* S. Rep. No. 95-989, at 76 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 5862). If the Trustee succeeds in avoiding Todd's lien, that property is preserved for the benefit of the estate. *See* 11 U.S.C. §§ 547 (preferential transfers) and 551 (automatic preservation of avoided transfer).

Even if the Trustee is unable to avoid the lien in the adversary proceeding, the doctrine of judicial estoppel applies to prevent Debtor from alleging in her prior testimony and her schedules that she has no equity, then offering conflicting testimony in response to the Trustee's objection. The Supreme Court has stated that judicial estoppel is a flexible doctrine that is "probably not reducible to any general formulation of principle." New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001). The Supreme Court outlined three factors typically used to determine the applicability of judicial estoppel. Id. First, a party's later position must be "clearly inconsistent with its earlier position." Id. Second, a party must have succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position would create a perception that either the first or second court was misled. Id. Finally, courts look at whether the party seeking "to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 751. There is no dispute that Debtor's prior position is inconsistent with the position she now takes in response to the Trustee's objection.

In discussing the New Hampshire v. Maine case, the Eighth Circuit stated that "[t]he second factor is satisfied if the bankruptcy court adopted the debtor's position. . . . This idea is reinforced by bankruptcy courts' heavy reliance on accurate disclosure statements." Copeland v.

4

Hussmann Corp., 462 F. Supp. 2d 1012, 1019 (E.D. Mo. 2006) (*citing* Stallings v. Hussmann Corp., 447 F.3d 1041, 1047 (8th Cir. 2006). Debtor's statements as to the amount of the lien held by her brother were made in required disclosures to the Court as part of Debtor's bankruptcy filing. *See* 11 U.S.C. § 521(a). This Court granted Debtor a discharge, in part, in reliance upon the accuracy of Debtor's schedules and full disclosure of Debtor's financial condition to the Court. As a result, the second factor also applies.

"Notably, judicial estoppel does not apply when a debtor's prior position was taken because of a good-faith mistake rather than as part of a scheme to mislead the court." Stallings, 447 F.3d at 1048-49 (internal quotation omitted). Under the circumstances of this case, I do not consider Debtor's actions to be the result of a mere mistake. Debtor testified previously as to the accuracy of her schedules, amended her schedules without correcting the amount of the lien securing her Hummer, and only sought to change her story in response to the Trustee's objection, leaving the Court with no other option but to conclude that Debtor's statements were an intentional attempt to mislead the Court (and prefer her brother over other creditors).

The doctrine of judicial estoppel, therefore, applies to Debtor's claim of exemption. She has no equity in the vehicle to exempt and her attempt to exempt any portion of the Hummer is denied.

IT IS ORDERED that the Trustee's objection is SUSTAINED and Debtor's claim of exemption in a 2006 Hummer is DENIED.

/e/ Nancy C. Dreher
Nancy C. Dreher
Chief United States Bankruptcy Judge

5

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *04/09/2010*
Lori Vosejpka, Clerk, By KK, Deputy Clerk