## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| In re: | BKY No. 09-47844 |
| Donna Jo Spangler, | ADV No. 10-04008 |
| Debtor, | DEBTOR'S BRIEF |

_____

Randall L. Seaver, Trustee,

    Plaintiff,

vs.

Todd A. Spangler and Donna Jo Spangler,

    Defendants.

_____

To the Trustee and other entities specified in local rule 9013.3

**Facts**

The Debtor, Donna Jo Spangler, opposes the Trustee's motion for Summary Judgment.

The Debtor is a disabled veteran of the armed services of the United States. At the time her petition was filed, and at the present time, her only source of income is her Veteran's disability.

On or about April 12, 2006, Debtor purchased a 2006 H3 Hummer (vehicle) for $36,863.52.

In August 2008, being unemployed, Debtor entered into a loan agreement with Wisconsin Auto Title Loans, Inc. (Wisconsin Title) for the amount of $5,010.50 at an annual rate of 150% which was secured by Debtor's vehicle.

Debtor was unable to pay off the loan and her brother, Todd A. Spangler, paid the loan off on March 17, 2009. Because Debtor did not receive the title documents releasing the lien from Wisconsin Title until late September 2009, Debtor and Defendant Todd A. Spangler were not able to record Todd's lien interest until October 2009. Had Debtor's brother not paid off the loan, the vehicle would have been repossessed.

The total amount of encumbrance owing to Todd A. Spangler on the vehicle is $5,648.82.

During this time, Todd A. Spangler was also helping Debtor to make her payments on her homestead. The total loaned to Debtor for house and car payments was $19,000.00.

Debtor is not certain that her estimation of the value of the vehicle at $15,000.00 on Schedule C is correct, and believes that the vehicle should be appraised.

**Issue**

Is the Chapter 7 Trustee entitled to Summary Judgment as a matter of law?

Answer: No

Summary judgment will be granted if there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed R. Civ. P.56(c)

Here, there are issues of material facts which center around whether the transfer of a security interest to Todd Spangler was made to be a contemporaneous exchange. As 11 USC Section 547(c)(1) provides, a Trustee may not avoid such a transfer.

Debtor was unemployed and was unable to pay off the lien on the vehicle. Todd Spangler made $5648.82 in vehicle payments until the loan was paid off on March 17, 2009. Had Todd not paid off the loan, which was accruing interest at 150% per annum, Wisconsin Title would have repossessed the vehicle.

Debtor maintains that the transfer of a security made to Todd Spangler was made to be a contemporaneous exchange for new value given to the Debtor and, in fact, a substantially contemporaneous exchange. At the time the debt was retired, the Debtor and Todd were waiting for the release of the lien from Wisconsin Title so that the parties could file Todd's lien interest on the new title. The Debtor did not receive the release until late September 2009, and the new security interest was filed in October 2009. If it were not for Todd's payment, the vehicle would not be part of the Debtor's estate. It would be unjust if the Trustee could avoid Todd's lien interest.

The extent of Todd's lien interest is a question of fact. By the time Todd Spangler retired the debt on the vehicle on March 17, 2009, he had loaned his sister $19,000.00 – $5648.82 towards the vehicle and the remainder for house payments. The Debtor listed Todd A. Spangler as a secured creditor holding an interest of $19,000.00 in the Hummer. The actual money used to retire Wisconsin Title's lien was $5648.82.

For the reasons cited above, Debtor and Defendant Todd Spangler maintain that there exist issues of material facts which would show that the Trustee may not avoid a transfer as in this case, which was intended by the Debtor and the creditor for whose benefit such transfer was made to be a contemporaneous exchange for new value to the creditor and in fact a substantially contemporaneous exchange.

Debtor and Defendant anticipate that the following witnesses would testify that the facts indicate that the transfer between them was a contemporaneous exchange for new value:

| | |
|---|---|
| Todd A. Spangler | Donna Jo Spangler |
| 1492 Sherburne Ave. | 1100 West 82nd St. |
| St. Paul, MN 55104 | Bloomington, MN 55420 |

Dated: <u>June 11, 2010</u>

                                                /e/ James R. Doran #23681
416 East Hennepin, #115
Minneapolis MN 55414
Tel: 612-379-5378
Fax: 612-379-5353
E-mail: <u>wexf@hotmail.com</u>
Attorney for Debtor and Defendant

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br>Donna Jo Spangler,<br>    Debtor. | BKY No. 09-47844<br>AMENDED<br>AFFIDAVIT OF<br>Donna Jo Spangler |

STATE OF MINNESOTA   )
                     ) ss
COUNTY OF HENNEPIN   )

Donna Jo Spangler being duly sworn upon oath states and alleges as follows:

1. I am the debtor in the above entitled matter and my address is 1100 W 82nd St. Bloomington, MN 55420-2140.

2. I am a disabled Veteran of the Armed Services of the United States.

3. On or about April 12, 2006, I purchased a 2006 H3 Hummer (vehicle) for $36,863.52.

4. In August 2008, being unemployed, I entered into a secured loan agreement with Wisconsin Auto Title Loans, Inc, (Wisconsin Title) 1407 Coulee Road, Hudson, WI 54056 for the amount of $5,010.50 at an annual percentage rate of 150%.

1

5. I was unable to pay off the loan and so my brother, Todd A. Spangler, assisted me in making the payments until the loan was paid off on March 17, 2009.

6. During this time my brother, Todd A. Spangler, was also helping me make my mortgage payments on my homestead.

7. The total amount of encumbrance owing to my brother Todd A. Spangler on the vehicle is $5,648.82.

8. The total loaned to me by my brother for house and car payments was $19,000.00.

9. I am not certain about the value of the vehicle at the time of the filing of my Bankruptcy petition, and I believe the vehicle should be appraised.

10. I did not receive the title document from the State releasing the lien from Wisconsin Title until late September 2009, and because of that, Todd's lien interest was not filed until October 2009.

> Further your affiant sayeth not but makes this affidavit in opposition to the trustee's motion.

Subscribed and

Sworn to before me this
16 th day of June, 2010

*James A Doran*
Notary Public

*Donna Jo Spangler*
Donna Jo Spangler

JAMES R DORAN
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2015

3

CERTIFICATE OF SERVICE

Re: Bankruptcy Case No. 09-47844
Adversary Case No. 10-04008

The following entities were served by electronic mail and CM/ECF notice on June 11, 2010:

    Randall L. Seaver - Trustee
    rlseaver@fullerseaverramette.com

    Matthew D Swanson
    mdswanson@fullerseaverramette.com

    US Trustee
    ustpregion12.mn.ecf@usdoj.gov

I, James R. Doran, declare under the penalty of perjury that I have served the attached documents on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Brief and Affidavit of Donna Jo Spangler were furnished to the parties listed above.

Dated: June 11, 2010                                                 /e/ James R. Doran #23681
                                                                                             416 East Hennepin, #115
                                                                                             Minneapolis MN 55414
                                                                                             Tel: 612-379-5378
                                                                                             Fax: 612-379-5353
                                                                                             E-mail: wexf@hotmail.com
                                                                                             Attorney for Debtor and Defendant

CERTIFICATE OF SERVICE

Re:  Bankruptcy Case No. 09-47844
     Adversary Case No. 10-04008

The following entities were served by electronic mail and CM/ECF notice on June 16, 2010:

    Randall L. Seaver - Trustee
    rlseaver@fullerseaverramette.com

    Matthew D Swanson
    mdswanson@fullerseaverramette.com

    US Trustee
    ustpregion12.mn.ecf@usdoj.gov

I, James R. Doran, declare under the penalty of perjury that I have served the attached documents on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

Amended Affidavit of Donna Jo Spangler was furnished to the parties listed above.


Dated: June 16, 2010                                 /e/ James R. Doran #23681
                                                                       416 East Hennepin, #115
                                                                       Minneapolis MN 55414
                                                                       Tel: 612-379-5378
                                                                       Fax: 612-379-5353
                                                                       E-mail: wexf@hotmail.com
                                                                       Attorney for Debtor and Defendant